IN THE MATTER OF THE FRANKLIN TELEGRAPH COMPANY.

Suffolk.    Nov. 16, 1875. — Jan. 10, 1876.    COLT & LORD, JJ., absent.

Under the Gen. Sts. c. 68, § 35, authorizing this court "for reasonable cause" to "decree a dissolution of" a corporation, upon a petition by a "majority in number or interest of the members," it is no ground for the dissolution of a telegraph company that it leased its line to another company at a less rent than it might have obtained, fraudulently intending to give the benefit of the lease to the second company, in which the majority in interest of the stockholders of the first company were also interested, if, after the filing of the petition for dissolution, the lease is cancelled by vote of the directors of both companies.

PETITION under the Gen. Sts. c. 68, § 35, filed December 9, 1874, by a majority in number of the stockholders of the Franklin Telegraph Company, a corporation established by the St. of 1865, c. 119. An answer containing a demurrer was filed in be-

half of the company, and, when the cause came on for hearing, an additional answer was filed by consent, the allegations of which were not disputed. The case was reserved by *Morton*, J., for the consideration of the full court upon the petition, the issue raised by the demurrer and the additional answer. If in the opinion of the court the petition could be maintained, the case was to stand for trial; otherwise, the petition to be dismissed. The substance of the pleadings appears in the opinion.

*J. R. Bullard*, for the petitioners.

*S. Bartlett & D. Thaxter*, for the Franklin Telegraph Company.

DEVENS, J. Assuming, without deciding, that, under the authority given to this court by the Gen. Sts. c. 68, § 35, it was intended to provide not only an easy and convenient mode of dissolving a corporation, when the purposes of its organization could not be successfully prosecuted, but also to impose as a penalty the forfeiture of its charter, when there were frauds committed or to be apprehended from its officers, in the internal management of its affairs, so that the stockholders had received or would thereafter receive less profit, and also that these petitioners might properly maintain such a petition, still no reasonable cause for an order to that effect has been presented here, such as the statute requires. Such a power is one of great delicacy, and must be exercised with extreme caution, as the dissolution of a corporation must affect seriously not only the property of the petitioners, and of those by whom such frauds may have been committed, or from whom they are to be apprehended, but also of those stock holders who are no parties to the controversy as such, and are represented in it only through the corporation itself. No proceeding so radical as the destruction of the organization should be taken, unless, after careful examination, the court were fully satisfied, whatever the disadvantages and losses attending such a step might be, that in no other way could the rights of all innocent stockholders be so well protected.

Upon the facts as admitted by the demurrer, the Franklin Telegraph Company leased its line to the Atlantic and Pacific Company at a less rent than it might have obtained, fraudulently intending to give the benefit of this lease to that company in which the majority in interest of the stockholders of the

Franklin Telegraph Company were also interested; and while the petition alleges certain other acts done, some in fraud and others to the inconvenience of the petitioners, this is the ground upon which it seeks the dissolution of the corporation and the appointment of a receiver. By the additional answer, which is also before us, it appears that, since the petition was filed, the lease in question has been cancelled by vote of the directors of each of the two companies.

The only injury alleged as a sufficient reason for the dissolution has therefore ceased to exist by the abrogation of the lease. But it is now argued that, as the majority in interest has exhibited a disposition to deal unfairly with the rights of the minority of the stockholders, they can no further be trusted, and that, as the court would discharge trustees who had wilfully violated the duties of their trust, so here it should dissolve the corporation. Because the majority had once violated its duties, to destroy, by a dissolution of the corporation, the valuable rights which all the stockholders have by virtue of its charter, would be to apply a remedy which would be much more formidable than any danger to be feared. The mere vague apprehension of some future mischief is not the reasonable cause which by the statute is made the foundation of the action of this court.           *Petition dismissed.*